# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                          |     |            |
|--------------------------|-----|------------|
|                          |  :  |            |
| ROBERT C. GOSS, et al.   |  :  |            |
|                          |  :  |            |
|                          |  :  |            |
|                          |  :  |            |
| v.                       |  :  | CCB-12-2680 |
|                          |  :  |            |
|                          |  :  |            |
| BANK OF AMERICA, N.A.    |  :  |            |
|                          |  :  |            |

## MEMORANDUM

On January 8, 2013, the court granted defendant Bank of America, N.A.'s ("BANA's")

motion to dismiss plaintiffs Robert and Shirley Goss's complaint. The Gosses have filed a

motion for reconsideration under Fed. R. Civ. P. 59(e). For the reasons set forth below, the

motion will be denied.

Under Rule 59(e), the court may alter or amend a previous judgment in order "(1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co.

v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). "Rule 59(e)

motions may not be used, however, to raise arguments which could have been raised prior to the

issuance of the judgment, nor may they be used to argue a case under a novel legal theory that

the party had the ability to address in the first instance." *Id.* (citations omitted). Here, the Gosses

argue that the court's ruling was "a clear error of law" because it did not draw all reasonable

inferences in favor of the non-moving party. The basis for this assertion is the court's

determination that a July 21, 2011, letter from BANA stating, at most, that the bank would assist

the Gosses with "possible workout options available" and "that workout assistance is not

guaranteed" did not plausibly create an enforceable promise or contract to offer the Gosses a

mortgage modification, under any legal theory, and, thus, that the Gosses' factual allegations did

not "advance [their] claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*,

684 F.3d 435, 439 (4th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).

Even assuming that a court's alleged failure to draw reasonable inferences in a complaint

in favor of the plaintiff could constitute a "clear error of law" under Rule 59(e), *see Amira-*

*Jabbar v. Travel Services, Inc.*, 726 F. Supp. 2d 77, 91 (D.P.R. 2010), the court reaffirms its

earlier opinion that, under the "context-specific task" of assessing whether a complaint is

sufficient "to raise a right to relief above the speculative level," the July 2011 letter on which the

Gosses' *entire* complaint rests does not support a reasonable or plausible inference that BANA

*promised* the Gosses a loan modification or any other action on their mortgage. *See Walters*, 684

F.3d at 439. Accordingly, the Gosses have not made the substantial showing necessary to be

granted relief under Rule 59(e) and their motion will be denied.


      2/7/13                                           /s/

Date                                           Catherine C. Blake
                                              United States District Judge